**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Civil Action Number:**

JESUS GONZALEZ

      Plaintiff,
vs.

THE TJX COMPANIES, INC.
d/b/a T.J. MAXX #1081380 and
FONTAINEBLEAU SQUARE, LLC

      Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant TJX Companies, Inc. d/b/a T.J. Maxx #1081380 and Defendant Fontainebleau Square, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant The TJX Companies, Inc. (also referenced as "Defendant TJX Companies," "operator," lessee" or "co-Defendant") is a foreign for-profit corporation authorized to transact business in the state of Florida. TJX Companies, Inc. is an American multinational off-price department store corporation, headquartered in Farmington, Massachusetts. Defendant TJX Companies owns and operates T.J. Maxx, Marshalls, HomeGoods, HomeSense, and Sierra department stores, with its T.J. Maxx stores (of which there are over 1,000) being its flagship brand. This Defendant has over 270,000 employees.

6. Defendant Fontainebleau Square, LLC (also referenced as "Defendant Fontainebleau," "lessor," "owner," or "co-Defendant") is a foreign limited liability company authorized to transact business in the state of Florida. Defendant Fontainebleau is the owner of real property built out as a mixed-use community shopping center which is located at 9951 W Flagler Street to 10141 W Flagler Street, Miami, Florida 33172 (including the T.J. Maxx address of 10001 W Flagler Street), which is also referenced as Folio 30-4005-052-0030. Defendant Fontainebleau leases its mixed-use community shopping center (in part) to public accommodations including (but not limited to) Jersey Mikes Subs, Chipotle Mexican Grill, Dickeys Barbecue Pit, Publix Supermarket, The Hair Cuttery, The Habit Burger Grill, ND Nails & Spa, a Target store, a Starbucks, a Pizza Hut, a T.J. Maxx, and an Ulta Beauty

store. Defendant Fontainebleau also leases a portion of its real property to co-Defendant TJX Companies who in turn operates its T.J. Maxx brand department store (which is the subject of this instant action) at that location.

## **FACTS**

7. All T.J. Maxx department stores are places of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as an "other sales establishment." The T.J. Maxx department store located at 10001 West Flagler Street (which is within Defendant Fontainebleau's community shopping center) which is the subject of this complaint is also referenced as "T.J. Maxx #1081380," "T.J. Maxx department store," "T.J. Maxx on Flagler," "department store," or "place of public accommodation."

8. As the operator of (retail) department stores which are open to the public, Defendant TJX Companies is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates (retail) department stores; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to Plaintiff frequenting the area near T.J. Maxx on Flagler, on August 8, 2021 Plaintiff went to the T.J. Maxx department store to shop.

10. On entering the T.J. Maxx department store, Plaintiff had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities, Plaintiff has been denied full and equal access by the operator/lessee of the department store (Defendant TJX Companies) and by the owner/lessor of the commercial property which houses the T.J. Maxx department store (Defendant Fontainebleau).

12. As the owner of over 1,000 T.J. Maxx branded department stores, Defendant TJX Companies is well aware of the ADA and the need to provide for equal access in all areas of its department stores. Therefore, Defendant TJX Companies' failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its T.J. Maxx on Flagler is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As the owner of a community shopping center which is operated as various places of public accommodation including the T.J. Maxx #1081380 department store which is open to the public, Defendant Fontainebleau is also a "Public Accommodation" pursuant to 42 U.S.C. §§12181(7)(E) and 28 C.F.R. §§36.104(5). On information and belief, as an investor and owner of commercial property being used in multiple instances as a place of public accommodation, Defendant Fontainebleau is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the T.J. Maxx #1081380 department store, but continues to be injured in that he continues to be discriminated against due to the

barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the T.J. Maxx #1081380 department store, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant TJX Companies (operator of the T.J. Maxx on Flagler) and Defendant Fontainebleau (owner of the community shopping center on Flagler which includes the subject T.J. Maxx department store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that T.J. Maxx store, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject T.J. Maxx department store.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant Fontainebleau and which houses the T.J. Maxx department store on Flagler (operated by Defendant TJX Companies) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et.*

*seq.* As such, both the Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance on the push side of the door is not provided due to the trash bin outside the restroom in front of the door. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances.

ii. As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 which

    states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

 iii. As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes turning space, clear floor space around fixtures, door swing and maneuvering clearance at the door) and Section 404.2.4 (swinging doors maneuvering clearance) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

 iv. As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is mounted too high. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

 v. As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted too high which is in violation of Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.1 of the

    2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

  vi.  As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror (inside the stall) as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

  vii.  As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

  viii.  As to Defendant TJX Companies (lessee/operator) and Defendant Fontainebleau (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door to exit the restroom as the required maneuvering clearance on the pull side of the door is not provided. This is a violation of Section 4.13.6 of the ADAAG and a violation of Section 404.2 of the 2010 ADA Standards for Accessible Design and 404.2.4 because the encroaching trash bin is in violation of the minimum required maneuvering clearances.

26. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a T.J. Maxx department store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the department store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against Defendant Fontainebleau Square, LLC (owner of the commercial property housing the T.J. Maxx department store) and Defendant TJX Companies, Inc. (operator of the department store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring that Defendants alter the commercial property and the T.J. Maxx department store located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 28th day of September 2021.

Respectfully submitted,

<u>*/s/ J. Courtney Cunningham*</u>
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*